*Franklin,*
*January,*
*1826.*

JOHN FROTHINGHAM and SAMUEL MAY *vs.* BOHAN SHEPARD, ANSEL MERRITT, ASA ROBINSON, and THADDEUS LANDON.—*IN CHANCERY.*

A *tenant in common* mortgaged land to his *co-tenant,* who was his late partner, to secure him a-gainst the payment of partnership debts, of which, a debt due the orators, was one, and then mortgaged the same land to the orators, to secure to them the payment of said debt. Afterwards, the *two tenants* sold the land to a stranger.—*Held,* that the stranger was entitled to hold the *moiety* of the *co-tenant* absolutely, as against the orators;—that the orators were entitled to a de-cree of foreclosure of the equity of redemption, on the *other* moiety, as against *both* the original tenants in common, notwithstanding the prior mortgage from the one to the other, as such secu-rity; and that the possibility of the orators pursuing the late partners on the original contract, was too remote to stand in the way of such decree, especially as such pursuit would open it.

THIS was a bill in equity, brought to foreclose the equity of redemption on a farm of land in North Hero.

Robinson, one of the defendants, having died pending the suit, his death was suggested on the record, but his administrator had not been cited in.

The facts in the case will sufficiently appear, from the following opinion of the Court, which was pronounced by

HUTCHINSON, J. It appears in this case, that on the 30th of March, 1811, Shepard and Merritt were partners in trade, and owed many debts; among which was a note to the orators, for about $900. That Shepard and Merritt then dissolved partnership, and agreed that Shepard should take all the partnership property, and pay all the partnership debts. Accordingly, Merritt gave Shepard a quitclaim deed of all the partnership real estate, including the farm in South Hero, which is described in the orators' bill. But this deed, though recorded in other towns, was not recorded in South Hero. That April 1st, two days after said deed from Merritt to Shepard, Shepard gave Merritt a bond and mortgage to secure him against many partnership debts; among which, was said note due to the orators, and said mortgage included said farm in South Hero. In June following, Shepard *alone* mortgaged said farm in South Hero to the orators, to secure the payment of said note, both of which mortgage deeds were duly recorded. Afterwards, in 1814, Shepard and Merrit gave an absolute deed of said farm in South Hero to said Robinson; and he afterwards conveyed 90 acres of the said farm to Landon. And, as the deed from Merritt to Shepard was not recorded in South Hero, and as it does not sufficiently appear, that Robinson or Landon had notice of that deed, if the orators can hold any thing, they will hold only the undivided half of said farm, which Shepard owned independently of the unrecorded deed from Merritt to him. The orators might have attached, and held the whole, as their debt was against Merritt as well as Shephard; but the mortgage secures only Shepard's half: and, as this mortgage to orators was seasonably recorded, and that long before the deeds to Robinson and Landon, the orators must hold Shepard's undivided half, as

*Franklin,*
January,
1826.

Frothingham
*et al.*
*vs.*
Shepard et al.
against all the defendants, unless prevented by Shepard's deed of mortgage to Merritt, which also was seasonably recorded. Now it seems very plain, that, as the mortgage from Shepard to Merritt was not given to secure the payment of money directly, but only to save Merritt harmless from sundry debts, of which the debt to the orators was one; if Shepard had given the orators an absolute deed, in payment of their debt, the orators would have held the land, that is, Shepard's half of it, against the mortgage to Merritt; because, such payment would save Merritt harmless from the debt to the orators, which would so far give full effect to the mortgage deed to Merritt, and yet pay the orators their debt. Now, the object of the orator's bill is, substantially, in the present state of things, to make this title absolute in payment of their said debt, unless Shepard and Merritt, who alike ought to pay the orators their debt, will first make payment, and thereby discharge the land from the incumbrance of the mortgage to the orators. The casual possibilities of the orators, still pursuing Shepard and Merritt on the original contract, is too remote to have any effect in the decision of this cause, especially as such pursuit would open the decree now to be made.

But it is urged, that Merritt has paid monies, for which he ought to retain his security for the same on his mortgage from Shepard. On this point, it seems uncertain what the facts are, Merritt's answer being wholly vague as to any particular sum, except one, and Shepard's affidavit, contradicting his (Merritt's) answer as to that, and other affidavits, reducing it to a small sum. But it seems difficult to reconcile with justice, the position that partners can so bind their partnership property by mortgages to each other, that neither, and especially he, who by contract between the partners, ought to pay their debts, can use the property to pay such partnership debts: and such would seem to be the consequence, if Shepard could not, by mortgage to the orators, bind his half of the land in question, in payment of a partnership debt, and that one, named in his mortgage to Merritt as aforesaid. And Merritt and Shepard have both done wrong in conveying the land in question to Robinson, long after they both knew of the mortgage to the orators, unless their deed to Robinson was understood, by all parties, as conveying only the equity of redemption as against the orators.

> DECREE—That, unless the three surviving defendants, their heirs, &c. shall, on or before the first Monday of January next, pay to the clerk, &c. the orators' debt and cost, the equity of redemption is foreclosed against them, &c. of one undivided half of the premises described in the orators' bill.

*Aldis & Davis* and *Swift & Smith,* solicitors for orators.

*J. P. Richardson, B. F. Bayley,* and *B. Turner,* for defendants.